1 Andrew P. Bridges (SBN: 122761)
  abridges@winston.com
2 Matthew A. Scherb (SBN: 237461)
  mscherb@winston.com
3 Kathleen Lu (SBN: 267032)
  klu@winston.com
4 WINSTON & STRAWN LLP
  101 California Street
5 San Francisco, CA 94111-5802
  Telephone: (415) 591-1000
6 Facsimile: (415) 591-1400

7 Attorneys for Movants
  ELECTRONIC FRONTIER FOUNDATION and
8 FRED VON LOHMANN

FILED
2010 NOV -9 A 11: 27
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9

10      **UNITED STATES DISTRICT COURT**

11     **NORTHERN DISTRICT OF CALIFORNIA**

12      **SAN FRANCISCO DIVISION**

CV 10 80 276 MISC

JSW

14 In re Subpoenas to Electronic Frontier ) **Case No.** _____
  Foundation and Fred von Lohmann  ) [Related to *Arista Records v. Lime Wire LLC*,
15            ) No. 06-5936 (KMW) (S.D.N.Y.)]
            )
16            ) **DECLARATION OF MATTHEW SCHERB**
            ) **IN SUPPORT OF EXPEDITED MOTION**
17            ) **TO QUASH SUBPOENAS**
            )
18            )
            )
19

20

21

22

23

24

25

26

27

28

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5802*

1

1    I, Matthew Scherb, declare pursuant to 28 U.S.C. § 1746 under penalty of perjury that the

2  following is true and correct:

3    1.    I am an attorney with the law firm of Winston & Strawn LLP, counsel of record for

4  Movants.

5    2.    Exhibit A is a true and correct copy of the Subpoena we believe plaintiffs served

6  upon the Electronic Frontier Foundation on October 27, 2010.

7    3.    Exhibit B is a true and correct copy of the Subpoena we believe plaintiffs served upon

8  Fred von Lohmann on November 2, 2010.

9    Executed November 8, 2010.

10

11                                    Matthew A. Scherb

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| Arista Records, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   Misc. (06 Civ. 05936 (KMW)) |
| Lime Wire LLC, et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Southern District of New York |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Electronic Frontiner Foundation
    454 Shotwell Street, San Francisco, CA 94110

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A.

| Place: Munger, Tolles & Olson LLP | Date and Time: |
|---|---|
| 560 Mission Street, 27th Floor | 11/12/2010 09:00 |
| San Francisco, CA 94105 | |

The deposition will be recorded by this method:  <u>Stenographic, videographic and real-time feed of transcript</u>

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Schedule B.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

|  | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  **Plaintiffs**
Arista Records et al.  , who issues or requests this subpoena, are:

Susan T. Boyd; Munger, Tolles & Olson LLP, 560 Mission Street, 27th Floor, San Francisco, CA 94105; susan.boyd@mto.com; (415) 512-4005

AO 88A  (Rev  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.  Misc. (06 Civ. 05936 (KMW))

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    Electronic Frontier Foundation

was received by me on *(date)*                    .

☐ I personally served the subpoena on the individual at *(place)*

on *(date)*                    ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                    , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)*                    , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                    ; or

☐ I returned the subpoena unexecuted because                    ; or

☐ Other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$        42.50            .

My fees are $                    for travel and $                    for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date:                    

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

Electronic Frontier Foundation shall, in response to this subpoena and pursuant to Federal Rule of Civil Procedure 45, produce, of its officers, directors, managing agents, employees, or agents, the person or persons most qualified to testify on Electronic Fronteir Foundation's behalf regarding the topics listed below.

## DEFINITIONS

1.      The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of these topics any information that might otherwise be construed to be outside their scope.

2.      The terms "any," "each," "all," and "every" shall be construed wherever necessary to bring within the scope of these topics any information that might otherwise be construed to be outside their scope.

3.      "Mark Gorton" refers to Defendant Mark Gorton and his agents, accountants, attorneys, employees, or anyone else working on his behalf, whether in his individual capacity or while serving as employees of corporations, parents, subsidiaries, affiliates, successors and assigns owned in whole or in part by Mark Gorton.

4.      "Lime Wire Entities" includes Lime Wire LLC, Lime Group LLC, or M.J.G. Lime Wire Family Limited Partnership or parents, subsidiaries or affiliates thereof, and any officer, director, employee, agent, or representative of Lime Wire LLC, Lime Group LLC, or M.J.G. Lime Wire Family Limited Partnership, or parents, subsidiaries, or affiliates thereof.

5.      "EFF" includes the Electronic Frontier Foundation and its parents, subsidiaries or affiliates, and any officer, director, employee, agent, or representative of Electronic Frontier Foundation or its parents, subsidiaries, or affiliates.

1

## TOPICS

1.     Communications between EFF and the Lime Wire Entities or Gorton relating to the retention or destruction of documents, including without limitation communications regarding a document retention policy or program.

2.     EFF's knowledge, understanding, or analysis of the actual or potential use of Lime Wire to share copyrighted materials.

3.     Communications between EFF and the Lime Wire Entities or Gorton relating to the actual or potential use of Lime Wire to share copyrighted materials.

4.     Communications between EFF and the Lime Wire Entities or Gorton relating to the actual or potential tracking or monitoring of downloads by users of Lime Wire or other peer-to-peer file sharing networks.

5.     Communications between EFF and the Lime Wire Entities or Gorton relating to the architecture, design, or structure of Lime Wire or other peer-to-peer file sharing networks.

6.     Communications between EFF and the Lime Wire Entities or Gorton relating to infringement-reducing technologies, including without limitation filtering or acoustic-fingerprinting technologies.

7.     Communications between EFF and the Lime Wire Entities or Gorton relating to actual or anticipated litigation by copyright holders.

2

## SCHEDULE B

### DEFINITIONS

1.    The term "document" shall be accorded its broadest possible meaning and includes, but is not limited to, all paper, film, tape or other material upon which appears any verbal, graphic or pictorial information or image that is written, printed, typed, drawn, punched, produced or reproduced in any fashion, including but not limited to all correspondence, memoranda, interoffice and intra-office communications and notes, agreements, contracts, charts, quotations, accounting records, audit work papers, work sheets, cost sheets, ledgers, price quotations, proposals, bids, receipts, manuals, lists, tables, financial analyses, spreadsheets, diagrams, leases, sales records, requisitions, vouchers, envelopes, acknowledgements, purchase orders, invoices, canceled or uncancelled checks or drafts, studies, records, minutes, photographs, drawings, sketches, brochures, schedules, calendars, diaries, video or audio tape recordings, photocopies and computer-sorted or computer-retrievable information, computer print-outs, discs of any kind (including hard discs, optical discs and CDs), tapes of any kind (including audio, video or data tapes), electronic mail and programs or other data compilations from which information can be obtained or translated into usable form. This definition encompasses not only the original version but also any copy containing or having attached thereto any alterations, notes, comments or other material not appearing on the original, and shall also include drafts, revisions of drafts and any other preliminary or preparatory materials, from whatever source, underlying, supporting or used in preparation of any document. This definition also includes any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

2.    The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

3

3.      The terms "any," "each," "all," and "every" shall be construed wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

4.      The words "refer," "referring," "relate," "relating," "concern," "concerning," "addressing," "reflecting" and "regarding" mean referring to, pertaining to, relating to, alluding to, bearing upon, commenting upon, touching upon, concerning, regarding, recording, evidencing, constituting, substantiating, discussing, mentioning, or otherwise affecting (directly or indirectly).

5.      "Mark Gorton" refers to Defendant Mark Gorton and his agents, accountants, attorneys, employees, or anyone else working on his behalf, whether in his individual capacity or while serving as employees of corporations, parents, subsidiaries, affiliates, successors and assigns owned in whole or in part by Mark Gorton.

6.      "Lime Wire Entities" includes Lime Wire LLC, Lime Group LLC, or M.J.G. Lime Wire Family Limited Partnership or parents, subsidiaries or affiliates thereof, and any officer, director, employee, agent, or representative of Lime Wire LLC, Lime Group LLC, or M.J.G. Lime Wire Family Limited Partnership, or parents, subsidiaries, or affiliates thereof.

7.      "EFF" includes the Electronic Frontier Foundation and its parents, subsidiaries or affiliates, and any officer, director, employee, agent, or representative of Electronic Frontier Foundation or its parents, subsidiaries, or affiliates.

**INSTRUCTIONS**

1.      In responding to these requests, the responding party shall produce all documents in its possession, custody or control, including documents and materials in the possession of its employees, agents, servants and/or representatives. This request shall not call for documents that may already have been produced in this litigation.

4

2.      If a document responsive to a request has been transferred to the possession, custody or control of another entity, the name, address and principal officer or officers of such other entity should be provided.

3.      Each request for a document or documents shall be deemed to call for the production of the original document or documents. In addition, each request should be considered to include all copies and, to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft, or from each other (for example, by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereto.)

4.      Documents shall be produced as they are kept in the usual course of business.

5.      Documents shall be produced in their original state, for example, in their original file folders in the exact order as found, without removal or rearrangement of anything contained therein.

6.      If copies of documents are produced, they shall be produced together with a photocopy of the file, binder, box or other container in which the original document was found, so as to disclose the title or label of such container.

7.      Whenever a document has not been produced in its entirety, fully state the reason or reasons it has not been produced in its entirety and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document that have not been produced.

8.      For each document requested herein that you presently contend you are not required to disclose because of any alleged "privilege" or "immunity," identify each such document as follows:

A.      State the subject matter of the writing;

B.      State the purpose for which the communication was requested or prepared;

5

C.     State the date the writing was prepared and the date it bears;

D.     Identify each person who wrote, signed, initialed, dictated, or otherwise participated in the preparation of the writing;

E.     Identify each person to whom the writing was addressed and each person to whom the original or a copy of the writing was sent;

F.     Identify each person who was present when the writing was prepared;

G.     Identify such person who has seen the writing;

H.     Identify each person who has custody of the original or a copy of the writing;

I.     Identify each person referred to in immediately proceeding subparagraphs C, D, E, F, and G by stating his or her full name, job title, and business address, both currently and at the time he or she first had any involvement with the writing; and

J.     State the privilege or immunity asserted.

9.     Each demand herein is continuing and requires prompt supplementary responses if further responsive documents are subsequently obtained or discovered or otherwise come into your possession, custody or control.

10.     Whenever necessary to bring within the scope of these requests documents or information which might otherwise be construed to be outside the scope of these requests: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within it use the plural form as well; and (c) the use of a word in its plural form shall be deemed to include within its use the singular form as well.

11.     Unless otherwise specified, all requests constitute a request for any document which refers to or was created during the period from January 1, 2005 through present.

6

12.     All terms defined in paragraphs 1 through 11 above shall have the meanings set forth therein, whether capitalized in the requests or not.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents relating to communications between EFF and the Lime Wire Entities or Gorton relating to the retention or destruction of documents, including without limitation communications regarding a document retention policy or program.

2.     All documents reflecting or referring to the actual or potential use of Lime Wire to share copyrighted materials.

3.     All documents relating to communications between EFF and the Lime Wire Entities or Gorton relating to the actual or potential tracking or monitoring of downloads by users of Lime Wire or other peer-to-peer file sharing networks.

4.     All documents relating to communications between EFF and the Lime Wire Entities or Gorton relating to the architecture, design, or structure of Lime Wire or other peer-to-peer file sharing networks.

5.     All documents reflecting or referring to the Lime Wire Entities' or Mark Gorton's state of mind, purpose or motivation for adopting or not adopting particular architectures, designs, structures or features for Lime Wire.

6.     All documents relating to communications between EFF and the Lime Wire Entities or Gorton relating to infringement-reducing technologies, including without limitation filtering or acoustic-fingerprinting technologies.

7.     All documents reflecting or referring to the Lime Wire Entities' or Mark Gorton's state of mind, purpose or motivation for adopting or not adopting infringement-reducing technologies, including without limitation filtering or acoustic-fingerprinting technologies.

7

8.     All documents relating to communications between EFF and the Lime
Wire Entities or Gorton relating to actual or anticipated litigation by copyright holders.

# EXHIBIT B

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Arista Records, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Lime Wire LLC, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   Misc. (06 Civ. 05936 (KMW))

(If the action is pending in another district, state where:

Southern District of New York

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Fred von Lohmann
4039 23rd Street, San Francisco, CA 94114

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Munger, Tolles & Olson LLP | Date and Time: |
|---|---|
| 560 Mission Street, 27th Floor | |
| San Francisco, CA 94105 | 11/12/2010 13:00 |

The deposition will be recorded by this method:  _Stenographic, videographic and real-time feed of transcript_

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Schedule A.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  _____Plaintiffs_____
_____Arista Records et al._____ , who issues or requests this subpoena, are:
Susan T. Boyd; Munger, Tolles & Olson LLP, 560 Mission Street, 27th Floor, San Francisco, CA 94105; susan.boyd@mto.com; (415) 512-4005

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.  Misc. (06 Civ. 05936 (KMW))

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*  Fred von Lohmann

was received by me on *(date)*                .

◻ I personally served the subpoena on the individual at *(place)*

                                                                  on *(date)*                 ; or

◻ I left the subpoena at the individual's residence or usual place of abode with *(name)*                 .

                                                   , a person of suitable age and discretion who resides there,

on *(date)*                 , and mailed a copy to the individual's last known address; or

◻ I served the subpoena on *(name of individual)*                                                   , who is

designated by law to accept service of process on behalf of *(name of organization)*

                                                                  on *(date)*                 ; or

◻ I returned the subpoena unexecuted because                                                   ; or

◻ Other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$     43.80     .

My fees are $                 for travel and $                 for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date:  

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS

1.     The term "document" shall be accorded its broadest possible meaning and includes, but is not limited to, all paper, film, tape or other material upon which appears any verbal, graphic or pictorial information or image that is written, printed, typed, drawn, punched, produced or reproduced in any fashion, including but not limited to all correspondence, memoranda, interoffice and intra-office communications and notes, agreements, contracts, charts, quotations, accounting records, audit work papers, work sheets, cost sheets, ledgers, price quotations, proposals, bids, receipts, manuals, lists, tables, financial analyses, spreadsheets, diagrams, leases, sales records, requisitions, vouchers, envelopes, acknowledgements, purchase orders, invoices, canceled or uncancelled checks or drafts, studies, records, minutes, photographs, drawings, sketches, brochures, schedules, calendars, diaries, video or audio tape recordings, photocopies and computer-sorted or computer-retrievable information, computer print-outs, discs of any kind (including hard discs, optical discs and CDs), tapes of any kind (including audio, video or data tapes), electronic mail and programs or other data compilations from which information can be obtained or translated into usable form.  This definition encompasses not only the original version but also any copy containing or having attached thereto any alterations, notes, comments or other material not appearing on the original, and shall also include drafts, revisions of drafts and any other preliminary or preparatory materials, from whatever source, underlying, supporting or used in preparation of any document. This definition also includes any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

2.     The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

1

3.     The terms "any," "each," "all," and "every" shall be construed wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

4.     The words "refer," "referring," "relate," "relating," "concern," "concerning," "addressing," "reflecting" and "regarding" mean referring to, pertaining to, relating to, alluding to, bearing upon, commenting upon, touching upon, concerning, regarding, recording, evidencing, constituting, substantiating, discussing, mentioning, or otherwise affecting (directly or indirectly).

5.     "Mark Gorton" refers to Defendant Mark Gorton and his agents, accountants, attorneys, employees, or anyone else working on his behalf, whether in his individual capacity or while serving as employees of corporations, parents, subsidiaries, affiliates, successors and assigns owned in whole or in part by Mark Gorton.

6.     "Lime Wire Entities" includes Lime Wire LLC, Lime Group LLC, or M.J.G. Lime Wire Family Limited Partnership or parents, subsidiaries or affiliates thereof, and any officer, director, employee, agent, or representative of Lime Wire LLC, Lime Group LLC, or M.J.G. Lime Wire Family Limited Partnership, or parents, subsidiaries, or affiliates thereof, including without limitation Mark Gorton.

7.     "EFF" includes the Electronic Frontier Foundation and its parents, subsidiaries or affiliates, and any officer, director, employee, agent, or representative of Electronic Frontier Foundation or its parents, subsidiaries, or affiliates.

## INSTRUCTIONS

1.     In responding to these requests, the responding party shall produce all documents in its possession, custody or control, including documents and materials in the possession of its employees, agents, servants and/or representatives.  This request shall not call for documents that may already have been produced in this litigation.

2

2.     If a document responsive to a request has been transferred to the possession, custody or control of another entity, the name, address and principal officer or officers of such other entity should be provided.

3.     Each request for a document or documents shall be deemed to call for the production of the original document or documents. In addition, each request should be considered to include all copies and, to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft, or from each other (for example, by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereto.)

4.     Documents shall be produced as they are kept in the usual course of business.

5.     Documents shall be produced in their original state, for example, in their original file folders in the exact order as found, without removal or rearrangement of anything contained therein.

6.     If copies of documents are produced, they shall be produced together with a photocopy of the file, binder, box or other container in which the original document was found, so as to disclose the title or label of such container.

7.     Whenever a document has not been produced in its entirety, fully state the reason or reasons it has not been produced in its entirety and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document that have not been produced.

8.     For each document requested herein that you presently contend you are not required to disclose because of any alleged "privilege" or "immunity," identify each such document as follows:

A.     State the subject matter of the writing;

B.     State the purpose for which the communication was requested or prepared;

3

C.    State the date the writing was prepared and the date it bears;

D.    Identify each person who wrote, signed, initialed, dictated, or otherwise participated in the preparation of the writing;

E.    Identify each person to whom the writing was addressed and each person to whom the original or a copy of the writing was sent;

F.    Identify each person who was present when the writing was prepared;

G.    Identify such person who has seen the writing;

H.    Identify each person who has custody of the original or a copy of the writing;

I.    Identify each person referred to in immediately proceeding subparagraphs C, D, E, F, and G by stating his or her full name, job title, and business address, both currently and at the time he or she first had any involvement with the writing; and

J.    State the privilege or immunity asserted.

9.    Each demand herein is continuing and requires prompt supplementary responses if further responsive documents are subsequently obtained or discovered or otherwise come into your possession, custody or control.

10.    Whenever necessary to bring within the scope of these requests documents or information which might otherwise be construed to be outside the scope of these requests: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within it use the plural form as well; and (c) the use of a word in its plural form shall be deemed to include within its use the singular form as well.

11.    Unless otherwise specified, all requests constitute a request for any document which refers to or was created during the period from January 1, 2005 through present.

4

12.   All terms defined in paragraphs 1 through 11 above shall have the meanings set forth therein, whether capitalized in the requests or not.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.   All documents relating to communications between Fred von Lohmann or EFF and the Lime Wire Entities or Gorton relating to the retention or destruction of documents, including without limitation communications regarding a document retention policy or program.

2.   All documents reflecting or referring to the actual or potential use of Lime Wire to share copyrighted materials.

3.   All documents relating to communications between Fred von Lohmann or EFF and the Lime Wire Entities or Gorton relating to the actual or potential tracking or monitoring of downloads by users of Lime Wire or other peer-to-peer file sharing networks.

4.   All documents relating to communications between Fred von Lohmann or EFF and the Lime Wire Entities or Gorton relating to the architecture, design, or structure of Lime Wire or other peer-to-peer file sharing networks.

5.   All documents reflecting or referring to the Lime Wire Entities' or Mark Gorton's state of mind, purpose or motivation for adopting or not adopting particular architectures, designs, structures or features for Lime Wire.

6.   All documents relating to communications between Fred von Lohmann or EFF and the Lime Wire Entities or Gorton relating to infringement-reducing technologies, including without limitation filtering or acoustic-fingerprinting technologies.

7.   All documents reflecting or referring to the Lime Wire Entities' or Mark Gorton's state of mind, purpose or motivation for adopting or not adopting infringement-

5

reducing technologies, including without limitation filtering or acoustic-fingerprinting technologies.

      8.     All documents relating to communications between Fred von Lohmann or EFF and the Lime Wire Entities or Gorton relating to actual or anticipated litigation by copyright holders.