Andrew P. Bridges (SBN: 122761)
abridges@winston.com
Matthew A. Scherb (SBN: 237461)
mscherb@winston.com
Robyn Callahan (SBN: 225472)
rcallahan@winston.com
Kathleen Lu (SBN: 267032)
klu@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Movants
ELECTRONIC FRONTIER FOUNDATION and
FRED VON LOHMANN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re Subpoenas to Electronic Frontier Foundation and Fred von Lohmann | **Case No. 3:10-mc-80276-JSW**<br>[Related to *Arista Records v. Lime Wire LLC*, No. 06-5936 (KMW) (S.D.N.Y.)]<br><br>**DECLARATION OF KATHLEEN LU IN SUPPORT OF MOVANTS' REPLY TO RESPONDENTS' SUPPLEMENTAL BRIEF REGARDING EXPEDITED MOTION TO QUASH SUBPOENAS**<br><br>[Pursuant to the Court's November 18, 2010 Order (Dkt. #21)]<br><br>No hearing date assigned |

I, Kathleen Lu, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney with the law firm of Winston & Strawn LLP, counsel of record for Movants.

2. On December 6, 2010, Andrew Bridges, a partner at Winston & Strawn and counsel of record for Movants, sent an email to Susan Boyd, counsel for Respondents, posing questions regarding Lime Wire's production and Respondents' access to the Pho listserv through internal sources. On December 7, 2010, I received an email from Susan Boyd responding to these questions. A true and correct copy of this email exchange is attached as Exhibit A.

3. On November 30, 2010, I sent a letter from Andrew Bridges to Susan Boyd in response to Ms. Boyd's letter dated November 29, 2010, (attached as Exhibit 6 to the Supplemental Boyd Declaration), discussing issues raised during a conference between counsel regarding meet-and-confer efforts. A true and correct copy of Mr. Bridges' November 30, 2010 letter is attached as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: December 13, 2010

       /s/ Kathleen Lu
       Kathleen Lu

SF:298708.2

**Winston & Strawn LLP**
101 California Street
San Francisco, CA 94111-5802

# EXHIBIT A

# Lu, Kathleen

| | |
|---|---|
| **From:** | Boyd, Susan [Susan.Boyd@mto.com] |
| **Sent:** | Tuesday, December 07, 2010 2:50 PM |
| **To:** | Bridges, Andrew P. |
| **Cc:** | Callahan, Robyn T.; Scherb, Matthew A.; Lu, Kathleen |
| **Subject:** | RE: EFF/LimeWire Plaintiffs' subpoenas |

Dear Andrew:

In response to your questions and your voicemail from last evening:

1. Whether the Lime Wire defendants engaged in spoliation - and whether Mr. von Lohmann advised them in this regard - remain open issues on which the Court has said it will entertain further briefing. I refer you to the Court's May 25, 2010 Order (Doc. No. 224), which I know you have. I also encourage your clients to ask their claimed clients to review the pertinent portion of Mr. Bildson's Declaration (Paragraph 21), if that information has not yet been shared with you and your clients. The fact that the Court has invited further consideration of this issue supports, and in no way undermines, our requests to EFF and Mr. von Lohmann.

2. Your question about the "Pho" list is similarly besides the point. What these _examples_ show is that your clients plainly have had responsive, non-privileged conversations. Indeed, your clients were forced to admit as much when the Court ordered them to provide their declarations. Your clients are obligated to search for responsive documents from all sources, not only from the "Pho" list, and certainly not excluding the "Pho" list. Any attempt to "carve out" documents from the "Pho" list from your clients' production would seem to increase, not reduce, the burden of their search and production. In these circumstances, it is unwarranted for Plaintiffs to canvass the thousands of people that work across various companies to determine if any of those people at any time happen to have been on the "Pho" list. As for your inquiry relating to Mr. Griffin, I understand that he worked for Geffen Records between 1993 and 1998.

I am still waiting for you to provide for me any specifics to back-up your repeated assertions of burden for having to comply with any aspect of the subpoena.

Finally, to confirm our discussion on Saturday, we agreed that Plaintiffs and Movants would provide Supplemental Briefs to the Court by Thursday December 9th, with any final responsive submission by Monday, December 13. When we spoke, you also suggested that, in the event that we reached a mutually agreeable solution with respect to document production issues without Court intervention, we defer briefing on the deposition until after the production of documents. Particularly in light of the fact that we have at this time not reached an agreement with regard to documents, it is appropriate to now brief any outstanding questions related to the motion to quash the depositions.

Regards,
Sue

Susan Traub Boyd | Munger, Tolles & Olson LLP
560 Mission Street | San Francisco, CA 94105
Tel: 415 512 4005
Susan.Boyd@mto.com | www.mto.com

***NOTICE***

1

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law. Thank you.*

---

**From:** Bridges, Andrew P. [mailto:ABridges@winston.com]
**Sent:** Monday, December 06, 2010 10:51 AM
**To:** Boyd, Susan
**Cc:** Callahan, Robyn T.; Scherb, Matthew A.; Lu, Kathleen; Bridges, Andrew P.
**Subject:** EFF/LimeWire Plaintiffs' subpoenas

Dear Susan,

I write to follow up on my letter dated November 30, 2010 and our meeting the same day regarding your clients' subpoenas to the Electronic Frontier Foundation and Mr. von Lohmann. I raised several issues in the letter that you were not able to address during that meeting and have not since addressed. Because we have not come to an agreement on the proper scope of these subpoenas, I would still like your response to my questions.

I asked what you meant when you said that certain LimeWire documents were unavailable to Plaintiffs because LimeWire had disposed of them. I also asked if there has been any finding by Judge Wood that LimeWire improperly disposed of or failed to produce relevant documents. Has there been any findings on spoliation in the underlying case? Has the issue been briefed? Please answer my questions as soon as possible. As I indicated in my letter, this goes directly to the justification for your clients' request to non-parties EFF and Mr. von Lohmann for documents that LimeWire would have had and may have already produced or logged as privileged.

In my letter, I also asked if you could represent to us that Plaintiffs, through their employees, have no access to documents from the "Pho" listserv. Our understanding is that Jim Griffin, who, during the relevant time period, was an employee of one of the Plaintiffs or one of their affiliates, is the administrator of the "Pho" listserv and that several of Plaintiffs employees are members of the listserv. Please get back to us on whether you can make this representation, or if you believe our understanding to be incorrect.

Because we agreed to present supplemental briefing to the Court Thursday, December 9th, I ask that you respond to my questions by close of business tomorrow, Tuesday, December 7th. Thanks.

Best regards,

Andrew

**Andrew P. Bridges**
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802
D: +1 (415) 591-1482
M: +1 (415) 420-1482
F: +1 (415) 591-1400

Bio | VCard | Email | www.winston.com



The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

# EXHIBIT B

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 101 CALIFORNIA STREET | MOSCOW |
| CHARLOTTE | SAN FRANCISCO, CALIFORNIA 94111-5802 | NEW YORK |
| CHICAGO | | NEWARK |
| | +1 (415) 591-1000 | |
| GENEVA | | PARIS |
| HONG KONG | FACSIMILE +1 (415) 591-1400 | SAN FRANCISCO |
| LONDON | | SHANGHAI |
| LOS ANGELES | www.winston.com | WASHINGTON, D.C. |

November 30, 2010

**ANDREW P. BRIDGES**
+1 (415) 591-1482
abridges@winston.com

**VIA EMAIL**

Ms. Susan Boyd
Munger, Tolles & Olson LLP
560 Mission Street
27th Floor
San Francisco, CA 94105-2907

Re:  *In re Subpoenas to Electronic Frontier Foundation and Fred von Lohmann,*
U.S. District Court, Northern District of California, Case No. 3:10-mc-80276-JSW [related to Arista *Records LLC, et al. v. Lime Wire LLP, et al.*
U.S. District Court, Southern District of New York, Case No. 06-cv-05936 (KMW)]

Dear Susan:

Thank you for meeting with us on Tuesday, November 23, 2010, and your letter on Monday, November 29, 2010 regarding your subpoenas to the Electronic Frontier Foundation and Mr. von Lohmann. I write to respond to your letter and to follow up on certain aspects of our meeting

Scope of Subpoenas

During the meeting, you stated that certain LimeWire documents were unavailable to plaintiffs because LimeWire had disposed of them, and that appeared to be a basis for your clients' request to non-parties EFF and Mr. von Lohmann for documents that LimeWire would have had and may already have furnished. To what exactly are you referring? Has there been any finding by Judge Wood that LimeWire has improperly disposed of relevant documents or that LimeWire has failed to produce them? Your letter in fact attaches documents from LimeWire in an effort to show that EFF and Mr. von Lohmann should produce similar documents, but if the documents are already available to Plaintiffs then we fail to understand why Plaintiffs want to impose a heavy burden on EFF and Mr. von Lohmann. On a point related to your implication of spoliation by LimeWire, your letter did not indicate when your

SF:297523.3

WINSTON & STRAWN LLP

November 30, 2010
Page 2

clients first notified LimeWire of their claims, which you had indicated at the meeting that you would seek for us. Please let us have that date as soon as possible.

  The attachment to your letter raises another important point. Plaintiffs are pressing EFF and Mr. von Lohmann for documents from the "Pho" mailing list. But Jim Griffin, the administrator of the Pho list and the author of the email you attached to your letter, was during the relevant time period an employee of one of the Plaintiffs or one of their affiliates. We also understand that a number of employees of Plaintiffs have been members of the Pho distribution list. Can you represent to us that Plaintiffs, through their employees, have no access to this body of public communications managed by Mr. Griffin? Again, it is unreasonable to put EFF and Mr. von Lohmann to the burden of collecting and reviewing Pho list documents for responsiveness and relevance.

  Your letter recognizes our clients' special concerns about the breadth of RFP numbers 2, 5, and 7 among their numerous concerns and objections, and you have inquired whether our clients would agree to production of non-privileged documents responsive to RFP numbers 1, 3, 4, 6, and 8. Does this mean that Plaintiffs are considering withdrawing numbers 2, 5, and 7? Please let me know if that is subject to meaningful discussion at today's meeting. That may be the beginning of a basis for compromise.

  We respond to your comments on the following categories of documents.

- <u>Content Related to EFF's Website:</u> Thanks for the acknowledgment that EFF need not produce documents currently available on EFF's website because such information is publicly available and Plaintiffs have no need to seek it from EFF. Other information related to EFF's website, such as backup files or drafts of web pages, is irrelevant and overly burdensome. Please confirm that Plaintiffs do not require this category of documents.

- <u>Public Presentation Materials:</u> There is no reason to believe, and you have offered no reason to believe, that any public presentation material not communicated directly to Defendants is relevant. As I have stated, where categories of materials are not relevant, EFF and Mr. von Lohmann have no obligation to review them for possible production.

- <u>Communications with the Press:</u> There is no reason to believe, and you have offered no reason to believe, that any communication by EFF with the press is relevant.

- <u>Communications with Government Agencies:</u> There is no reason to believe, and you have offered no reason to believe, that any communication by EFF with government agencies is relevant.

SF:297523.3

**WINSTON & STRAWN** LLP

November 30, 2010
Page 3

- <u>Internal EFF Communications:</u> There is no reason to believe, and you have offered no reason to believe, that any purely internal communication within EFF that is not privileged is relevant.

Your refusal to withdraw requests for these plainly irrelevant and burdensome categories of information is disappointing. I urge your clients to reconsider their position regarding these categories.

<u>Privilege Log</u>

In your letter, you contend that EFF and Mr. von Lohmann must provide a privilege log. As we stated during our meeting, Plaintiffs' subpoenas are unduly burdensome and it would be highly burdensome and expensive for EFF and Mr. von Lohmann to produce a privilege log. Because of this, EFF and Mr. von Lohmann are under no obligation to produce a privilege log before the Court has ruled on the pending motion to quash. *Nocal, Inc. v. Sabercat Ventures, Inc.*, No. 04-240, 2004 WL 3174427 (N.D. Cal. Nov. 15, 2004) (quashing subpoena to attorney where it would take substantial time and expense to review documents and prepare privilege logs). Nonetheless, as stated above, EFF and Mr. von Lohmann will produce a privilege log of communications between EFF and Mr. von Lohmann, on the one hand, and Defendants, on the other hand, as part of an overall compromise if Plaintiffs will pay for the costs (including reasonable attorney's fees of inside and outside counsel) of preparing the privilege log.

I look forward to continuing our discussion at 4:00 p.m. today.

Yours very truly,

*Andrew P. Bridges*/KL
Andrew P. Bridges

cc:RC
cc:MAS
cc:KL

SF:297523.3