# EXHIBIT A

MUNGER, TOLLES & OLSON LLP

ROBERT K. JOHNSON'
ALAN V. FRIEDMAN'
RONALD L. OLSON'
RICHARD S. VOLPERT
DENNIS C. BROWN'
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
GARY B. LERMAN
CHARLES D. SIEGAL
RONALD K. MEYER
GREGORY P. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
STEVEN L. GUISE'
ROBERT B. KNAUSS
STEPHEN M. KRISTOVICH
JOHN W. SPIEGEL
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
LAWRENCE C. BARTH
KATHLEEN M. MCDOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
RONALD C. HAUSMANN
PATRICK J. CAFFERTY, JR.
JAY M. FUJITANI
O'MALLEY M. MILLER
SANDRA A. SEVILLE-JONES
MARK H. EPSTEIN
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
KRISTIN LINSLEY MYLES
MARC T.G. DWORSKY
JEROME C. ROTH
STEPHEN D. ROSE
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN

DANIEL P. COLLINS
RICHARD E. DRODYAN
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
MARY ANN TODD
MICHAEL J. O'SULLIVAN
KELLY M. KLAUS
DAVID B. GOLDMAN
BURTON A. GROSS
KEVIN S. MASUDA
HOJOON HWANG
KRISTIN S. ESCALANTE
DAVID C. DINIELLI
ANDREA WEISS JEFFRIES
PETER A. DETRE
PAUL J. WATFORD
DANA S. TREISTER
CARL H. MOOR
DAVID M. ROSENZWEIG
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
GREGORY J. WEINGART
TAMERLIN J. GODLEY
JAMES C. RUTTEN
J. MARTIN WILLHITE
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
BRETT J. RODDA
SEAN ESKOVITZ
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
RANDALL G. SOMMER
MARIA SEFERIAN
MANUEL F. CACHÁN
ROSEMARIE T. RING
JOSEPH J. YBARRA
KATHERINE K. HUANG
MICHELLE T. FRIEDLAND
TODD J. ROSEN
SUSAN R. SZABO
LYNN HEALEY SCADUTO

ERIC J. LORENZINI
LINDSAY D. MCCASKILL
KATE K. ANDERSON
SUSAN TRAUB BOYD
JENNIFER L. POLSE
BRIAN R. HOCHLEUTNER
GRANT A. DAVIS-DENNY
JASON RANTANEN
JONATHAN H. BLAVIN
KAREN J. EPHRAIM
LIKA C. MIYAKE
MELINDA EADES LEMOINE
ANDREW W. SONG
YOHANCE C. EDWARDS
SETH GOLDMAN
JOSHUA P. GROBAN
VICTORIA L. BOESCH
HAILYN J. CHEN
BRAD SCHNEIDER
GENEVIEVE A. COX
MIRIAM KIM
MISTY M. SANFORD
BRIAN P. DUFF
AIMEE FEINBERG
KATHARINE L. HALL
KATHERINE KU
KIMBERLY A. CHI
SHOSHANA E. BANNETT
TINA CHAROENPONG
LEE S. TAYLOR
DEREK J. KAUFMAN
KIMBERLY D. ENCINAS
MARCUS J. SPIEGEL
GABRIEL P. SANCHEZ
BETHANY W. KRISTOVICH
PAULA R. LEVY
DAVID C. YANG
HENRY E. ORREN
BENJAMIN W. HOWELL
JONATHAN M. WEISS
ELISABETH J. NEUBAUER
ERIC P. TUTTLE
HEATHER E. TAKAHASHI
KEVIN A. GOLDMAN
ROBYN KALI BACON
BERNARD A. ESKANDARI

JENNY M. JIANG
KEITH R.D. HAMILTON, II
SORAYA C. KELLY
PATRICK ANDERSON
JEFFREY Y. WU
YUVAL MILLER
MARK R. CONRAD
DANIEL B. MCCARTHY
M. LANCE JASPER
ALISSA BRANHAM
ADAM R. LAWTON
PETER C. RENN
RACHEL L. STEIN
AVI BRAZ
PUNEET K. SANDHU
IAN J. MILLER
MARINA A. TORRES
DAVID S. HAN
DAVID C. LACHMAN
JENNY H. HONG
GUY A. RUB
AARON SEIJI LOWENSTEIN
DANIEL N. ELIZONDO
LAURA D. SMOLOWE
MELISSA CAMACHO-CHEUNG
SARALA V. NAGALA
JUSTIN L. MCNABNEY
LEO GOLDBARD
KIMBERLY A. MORRIS
MATTHEW A. MACDONALD
CAROLYN V. ZABRYCKI
ERIC S. NGUYEN
ERIN E. SCHANNING
MARGARET G. ZIEGLER
ESTHER H. SUNG

RICHARD D. ESBENSHADE'
ALLISON B. STEIN
PETER H. TAFIT
SUSAN E. NASH
TRUC T. DO
OF COUNSEL

E. LEROY TOLLES
(1922-2008)

'A PROFESSIONAL CORPORATION

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

—————

355 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

December 14, 2010

WRITER'S DIRECT LINE
(415) 512-4005
(415) 644-6905 FAX
Susan.Boyd@mto.com

**VIA EMAIL AND HAND DELIVERY**

Andrew P. Bridges, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111- 5802

Re:   *Arista Records LLC, et al. v. Lime Wire LLC, et al.*
U.S. District Court, Southern District of New York,
Case No. 06 Civ. 05936 (KMW)

Dear Andrew:

Movants' Reply to Respondents' Supplemental Brief Regarding Expedited Motion to Quash Subpoenas notes that the subpoenas refer to "any document which refers to or was created during the period from January 1, 2005 to present." The reference to 2005 was inadvertent, Plaintiffs intended to request "any document which refers to or was created during the period from January 1, 200**2** to present."

The attached amended subpoenas are identical to the previously issued subpoenas with that correction, and with an adjusted return date of December 29, 2010. Plaintiffs believe that the accommodations reached during meet and confer – including Plaintiffs' offer to limit all requests to documents that constitute or refer to communications between EFF/von Lohmann and Lime Wire would apply to the amended subpoenas as well.

We understand that the parties have met and conferred (and briefed) EFF and von Lohmann's production of documents in response to the subpoenas with the understanding that the subpoenas sought documents commencing in 2002, consistent with EFF/von Lohmann's

Munger, Tolles & Olson LLP

Andrew P. Bridges, Esq.
December 14, 2010
Page 2

communications with Lime Wire beginning in that period.  *See* von Lohmann Decl. (Doc. No. 14) at paragraph 5.  Indeed, in responding to the Court's questions regarding the existence of non-privileged documents, Ms. Cohn expressly noted "the lack of any time limitation" on the subpoenas.  *See* Supp. Cohn Decl. (Doc. No. 18) at paragraph 6.  If EFF or von Lohmann believe that the statistics provided to the Court regarding the number of documents that are returned by a search for "limewire" (*see e.g.*, 12/9/10 von Lohmann Decl. (Doc No. 26) at paragraph 2; McSherry Decl. (Doc No. 25) at paragraph 3), are conditioned on a time limitation of January 1, 2005 to the present, please let me know by the end of the day.

Sincerely,

Susan Traub Boyd

STB:reb
Enclosures

12537569.1

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Northern District of California

| | | |
|---|---|---|
| Arista Records, et al. | ) | |
| *Plaintiff* | ) | Civil Action No.   Misc. (06 Civ. 05936 (KMW)) |
| v. | ) | |
| Lime Wire LLC, et al. | ) | *(If the action is pending in another district, state where:* |
| | ) | Southern District of New York |
| *Defendant* | ) | |

## AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To: Electronic Frontiner Foundation
454 Shotwell Street, San Francisco, CA 94110

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A.

| Place: Munger, Tolles & Olson LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105 | Date and Time:<br>12/29/2010 09:00 |
|---|---|

The deposition will be recorded by this method: ___Stenographic, videographic and real-time feed of transcript___

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Schedule B.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   ___12/14/2010___

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Plaintiffs
___Arista Records et al.___ , who issues or requests this subpoena, are:
Susan T. Boyd; Munger, Tolles & Olson LLP, 560 Mission Street, 27th Floor, San Francisco, CA 94105;
susan.boyd@mto.com; (415) 512-4005

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.  Misc. (06 Civ. 05936 (KMW))

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*  Electronic Frontier Foundation

was received by me on *(date)*                          .

❒ I personally served the subpoena on the individual at *(place)*

on *(date)*                     ; or

❒ I left the subpoena at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                     , and mailed a copy to the individual's last known address; or

❒ I served the subpoena on *(name of individual)*                          , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                     ; or

❒ I returned the subpoena unexecuted because                          ; or

❒ Other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$            42.50            .

My fees are $                     for travel and $                     for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

Electronic Frontier Foundation shall, in response to this subpoena and pursuant to Federal Rule of Civil Procedure 45, produce, of its officers, directors, managing agents, employees, or agents, the person or persons most qualified to testify on Electronic Fronteir Foundation's behalf regarding the topics listed below.

## DEFINITIONS

1.      The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of these topics any information that might otherwise be construed to be outside their scope.

2.      The terms "any," "each," "all," and "every" shall be construed wherever necessary to bring within the scope of these topics any information that might otherwise be construed to be outside their scope.

3.      "Mark Gorton" refers to Defendant Mark Gorton and his agents, accountants, attorneys, employees, or anyone else working on his behalf, whether in his individual capacity or while serving as employees of corporations, parents, subsidiaries, affiliates, successors and assigns owned in whole or in part by Mark Gorton.

4.      "Lime Wire Entities" includes Lime Wire LLC, Lime Group LLC, or M.J.G. Lime Wire Family Limited Partnership or parents, subsidiaries or affiliates thereof, and any officer, director, employee, agent, or representative of Lime Wire LLC, Lime Group LLC, or M.J.G. Lime Wire Family Limited Partnership, or parents, subsidiaries, or affiliates thereof.

5.      "EFF" includes the Electronic Frontier Foundation and its parents, subsidiaries or affiliates, and any officer, director, employee, agent, or representative of Electronic Frontier Foundation or its parents, subsidiaries, or affiliates.

## TOPICS

1.      Communications between EFF and the Lime Wire Entities or Gorton relating to the retention or destruction of documents, including without limitation communications regarding a document retention policy or program.

2.      EFF's knowledge, understanding, or analysis of the actual or potential use of Lime Wire to share copyrighted materials.

3.      Communications between EFF and the Lime Wire Entities or Gorton relating to the actual or potential use of Lime Wire to share copyrighted materials.

4.      Communications between EFF and the Lime Wire Entities or Gorton relating to the actual or potential tracking or monitoring of downloads by users of Lime Wire or other peer-to-peer file sharing networks.

5.      Communications between EFF and the Lime Wire Entities or Gorton relating to the architecture, design, or structure of Lime Wire or other peer-to-peer file sharing networks.

6.      Communications between EFF and the Lime Wire Entities or Gorton relating to infringement-reducing technologies, including without limitation filtering or acoustic-fingerprinting technologies.

7.      Communications between EFF and the Lime Wire Entities or Gorton relating to actual or anticipated litigation by copyright holders.

## SCHEDULE B

### DEFINITIONS

1.      The term "document" shall be accorded its broadest possible meaning and includes, but is not limited to, all paper, film, tape or other material upon which appears any verbal, graphic or pictorial information or image that is written, printed, typed, drawn, punched, produced or reproduced in any fashion, including but not limited to all correspondence, memoranda, interoffice and intra-office communications and notes, agreements, contracts, charts, quotations, accounting records, audit work papers, work sheets, cost sheets, ledgers, price quotations, proposals, bids, receipts, manuals, lists, tables, financial analyses, spreadsheets, diagrams, leases, sales records, requisitions, vouchers, envelopes, acknowledgements, purchase orders, invoices, canceled or uncancelled checks or drafts, studies, records, minutes, photographs, drawings, sketches, brochures, schedules, calendars, diaries, video or audio tape recordings, photocopies and computer-sorted or computer-retrievable information, computer print-outs, discs of any kind (including hard discs, optical discs and CDs), tapes of any kind (including audio, video or data tapes), electronic mail and programs or other data compilations from which information can be obtained or translated into usable form.  This definition encompasses not only the original version but also any copy containing or having attached thereto any alterations, notes, comments or other material not appearing on the original, and shall also include drafts, revisions of drafts and any other preliminary or preparatory materials, from whatever source, underlying, supporting or used in preparation of any document. This definition also includes any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

2.      The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

3.      The terms "any," "each," "all," and "every" shall be construed wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

4.      The words "refer," "referring," "relate," "relating," "concern," "concerning," "addressing," "reflecting" and "regarding" mean referring to, pertaining to, relating to, alluding to, bearing upon, commenting upon, touching upon, concerning, regarding, recording, evidencing, constituting, substantiating, discussing, mentioning, or otherwise affecting (directly or indirectly).

5.      "Mark Gorton" refers to Defendant Mark Gorton and his agents, accountants, attorneys, employees, or anyone else working on his behalf, whether in his individual capacity or while serving as employees of corporations, parents, subsidiaries, affiliates, successors and assigns owned in whole or in part by Mark Gorton.

6.      "Lime Wire Entities" includes Lime Wire LLC, Lime Group LLC, or M.J.G. Lime Wire Family Limited Partnership or parents, subsidiaries or affiliates thereof, and any officer, director, employee, agent, or representative of Lime Wire LLC, Lime Group LLC, or M.J.G. Lime Wire Family Limited Partnership, or parents, subsidiaries, or affiliates thereof.

7.      "EFF" includes the Electronic Frontier Foundation and its parents, subsidiaries or affiliates, and any officer, director, employee, agent, or representative of Electronic Frontier Foundation or its parents, subsidiaries, or affiliates.

## INSTRUCTIONS

1.      In responding to these requests, the responding party shall produce all documents in its possession, custody or control, including documents and materials in the possession of its employees, agents, servants and/or representatives.  This request shall not call for documents that may already have been produced in this litigation.

4

2.      If a document responsive to a request has been transferred to the possession, custody or control of another entity, the name, address and principal officer or officers of such other entity should be provided.

3.      Each request for a document or documents shall be deemed to call for the production of the original document or documents.  In addition, each request should be considered to include all copies and, to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft, or from each other (for example, by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereto.)

4.      Documents shall be produced as they are kept in the usual course of business.

5.      Documents shall be produced in their original state, for example, in their original file folders in the exact order as found, without removal or rearrangement of anything contained therein.

6.      If copies of documents are produced, they shall be produced together with a photocopy of the file, binder, box or other container in which the original document was found, so as to disclose the title or label of such container.

7.      Whenever a document has not been produced in its entirety, fully state the reason or reasons it has not been produced in its entirety and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document that have not been produced.

8.      For each document requested herein that you presently contend you are not required to disclose because of any alleged "privilege" or "immunity," identify each such document as follows:

    A.      State the subject matter of the writing;

    B.      State the purpose for which the communication was requested or prepared;

C.     State the date the writing was prepared and the date it bears;

D.     Identify each person who wrote, signed, initialed, dictated, or otherwise participated in the preparation of the writing;

E.     Identify each person to whom the writing was addressed and each person to whom the original or a copy of the writing was sent;

F.     Identify each person who was present when the writing was prepared;

G.     Identify such person who has seen the writing;

H.     Identify each person who has custody of the original or a copy of the writing;

I.     Identify each person referred to in immediately proceeding subparagraphs C, D, E, F, and G by stating his or her full name, job title, and business address, both currently and at the time he or she first had any involvement with the writing; and

J.     State the privilege or immunity asserted.

9.     Each demand herein is continuing and requires prompt supplementary responses if further responsive documents are subsequently obtained or discovered or otherwise come into your possession, custody or control.

10.     Whenever necessary to bring within the scope of these requests documents or information which might otherwise be construed to be outside the scope of these requests: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within it use the plural form as well; and (c) the use of a word in its plural form shall be deemed to include within its use the singular form as well.

11.     Unless otherwise specified, all requests constitute a request for any document which refers to or was created during the period from January 1, 2002 through the present.

6

12.     All terms defined in paragraphs 1 through 11 above shall have the meanings set forth therein, whether capitalized in the requests or not.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents relating to communications between EFF and the Lime Wire Entities or Gorton relating to the retention or destruction of documents, including without limitation communications regarding a document retention policy or program.

2.     All documents reflecting or referring to the actual or potential use of Lime Wire to share copyrighted materials.

3.     All documents relating to communications between EFF and the Lime Wire Entities or Gorton relating to the actual or potential tracking or monitoring of downloads by users of Lime Wire or other peer-to-peer file sharing networks.

4.     All documents relating to communications between EFF and the Lime Wire Entities or Gorton relating to the architecture, design, or structure of Lime Wire or other peer-to-peer file sharing networks.

5.     All documents reflecting or referring to the Lime Wire Entities' or Mark Gorton's state of mind, purpose or motivation for adopting or not adopting particular architectures, designs, structures or features for Lime Wire.

6.     All documents relating to communications between EFF and the Lime Wire Entities or Gorton relating to infringement-reducing technologies, including without limitation filtering or acoustic-fingerprinting technologies.

7.     All documents reflecting or referring to the Lime Wire Entities' or Mark Gorton's state of mind, purpose or motivation for adopting or not adopting infringement-reducing technologies, including without limitation filtering or acoustic-fingerprinting technologies.

8.    All documents relating to communications between EFF and the Lime Wire Entities or Gorton relating to actual or anticipated litigation by copyright holders.

AO 88A  (Rev  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| Arista Records, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Lime Wire LLC, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   Misc. (06 Civ. 05936 (KMW))

(If the action is pending in another district, state where:

Southern District of New York

## AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Fred von Lohmann
    4039 23rd Street, San Francisco, CA 94114

   ☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Munger, Tolles & Olson LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105 | Date and Time:<br><br>12/29/2010 13:00 |
|---|---|

    The deposition will be recorded by this method:   Stenographic, videographic and real-time feed of transcript

   ☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Schedule A.

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   12/14/2010

        *CLERK OF COURT*

                                  OR

| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
|---|---|

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          Plaintiffs
Arista Records et al.                                , who issues or requests this subpoena, are:
Susan T. Boyd; Munger, Tolles & Olson LLP, 560 Mission Street, 27th Floor, San Francisco, CA 94105;
susan.boyd@mto.com; (415) 512-4005

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.  Misc. (06 Civ. 05936 (KMW))

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Fred von Lohmann

was received by me on *(date)* _____ .

❏  I personally served the subpoena on the individual at *(place)*

_____ on *(date)* _____ ; or

❏  I left the subpoena at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because _____ ; or

❏  Other *(specify):*



Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____43.80_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A**

**DEFINITIONS**

1.      The term "document" shall be accorded its broadest possible meaning and includes, but is not limited to, all paper, film, tape or other material upon which appears any verbal, graphic or pictorial information or image that is written, printed, typed, drawn, punched, produced or reproduced in any fashion, including but not limited to all correspondence, memoranda, interoffice and intra-office communications and notes, agreements, contracts, charts, quotations, accounting records, audit work papers, work sheets, cost sheets, ledgers, price quotations, proposals, bids, receipts, manuals, lists, tables, financial analyses, spreadsheets, diagrams, leases, sales records, requisitions, vouchers, envelopes, acknowledgements, purchase orders, invoices, canceled or uncancelled checks or drafts, studies, records, minutes, photographs, drawings, sketches, brochures, schedules, calendars, diaries, video or audio tape recordings, photocopies and computer-sorted or computer-retrievable information, computer print-outs, discs of any kind (including hard discs, optical discs and CDs), tapes of any kind (including audio, video or data tapes), electronic mail and programs or other data compilations from which information can be obtained or translated into usable form.  This definition encompasses not only the original version but also any copy containing or having attached thereto any alterations, notes, comments or other material not appearing on the original, and shall also include drafts, revisions of drafts and any other preliminary or preparatory materials, from whatever source, underlying, supporting or used in preparation of any document. This definition also includes any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

2.      The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

1

3.      The terms "any," "each," "all," and "every" shall be construed wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

4.      The words "refer," "referring," "relate," "relating," "concern," "concerning," "addressing," "reflecting" and "regarding" mean referring to, pertaining to, relating to, alluding to, bearing upon, commenting upon, touching upon, concerning, regarding, recording, evidencing, constituting, substantiating, discussing, mentioning, or otherwise affecting (directly or indirectly).

5.      "Mark Gorton" refers to Defendant Mark Gorton and his agents, accountants, attorneys, employees, or anyone else working on his behalf, whether in his individual capacity or while serving as employees of corporations, parents, subsidiaries, affiliates, successors and assigns owned in whole or in part by Mark Gorton.

6.      "Lime Wire Entities" includes Lime Wire LLC, Lime Group LLC, or M.J.G. Lime Wire Family Limited Partnership or parents, subsidiaries or affiliates thereof, and any officer, director, employee, agent, or representative of Lime Wire LLC, Lime Group LLC, or M.J.G. Lime Wire Family Limited Partnership, or parents, subsidiaries, or affiliates thereof, including without limitation Mark Gorton.

7.      "EFF" includes the Electronic Frontier Foundation and its parents, subsidiaries or affiliates, and any officer, director, employee, agent, or representative of Electronic Frontier Foundation or its parents, subsidiaries, or affiliates.

## INSTRUCTIONS

1.      In responding to these requests, the responding party shall produce all documents in its possession, custody or control, including documents and materials in the possession of its employees, agents, servants and/or representatives.  This request shall not call for documents that may already have been produced in this litigation.

2

2.      If a document responsive to a request has been transferred to the possession, custody or control of another entity, the name, address and principal officer or officers of such other entity should be provided.

3.      Each request for a document or documents shall be deemed to call for the production of the original document or documents.  In addition, each request should be considered to include all copies and, to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft, or from each other (for example, by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereto.)

4.      Documents shall be produced as they are kept in the usual course of business.

5.      Documents shall be produced in their original state, for example, in their original file folders in the exact order as found, without removal or rearrangement of anything contained therein.

6.      If copies of documents are produced, they shall be produced together with a photocopy of the file, binder, box or other container in which the original document was found, so as to disclose the title or label of such container.

7.      Whenever a document has not been produced in its entirety, fully state the reason or reasons it has not been produced in its entirety and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document that have not been produced.

8.      For each document requested herein that you presently contend you are not required to disclose because of any alleged "privilege" or "immunity," identify each such document as follows:

A.      State the subject matter of the writing;

B.      State the purpose for which the communication was requested or prepared;

C.  State the date the writing was prepared and the date it bears;

D.  Identify each person who wrote, signed, initialed, dictated, or otherwise participated in the preparation of the writing;

E.  Identify each person to whom the writing was addressed and each person to whom the original or a copy of the writing was sent;

F.  Identify each person who was present when the writing was prepared;

G.  Identify such person who has seen the writing;

H.  Identify each person who has custody of the original or a copy of the writing;

I.  Identify each person referred to in immediately proceeding subparagraphs C, D, E, F, and G by stating his or her full name, job title, and business address, both currently and at the time he or she first had any involvement with the writing; and

J.  State the privilege or immunity asserted.

9.  Each demand herein is continuing and requires prompt supplementary responses if further responsive documents are subsequently obtained or discovered or otherwise come into your possession, custody or control.

10.  Whenever necessary to bring within the scope of these requests documents or information which might otherwise be construed to be outside the scope of these requests: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within it use the plural form as well; and (c) the use of a word in its plural form shall be deemed to include within its use the singular form as well.

11.  Unless otherwise specified, all requests constitute a request for any document which refers to or was created during the period from January 1, 2002 through the present.

12.     All terms defined in paragraphs 1 through 11 above shall have the meanings set forth therein, whether capitalized in the requests or not.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents relating to communications between Fred von Lohmann or EFF and the Lime Wire Entities or Gorton relating to the retention or destruction of documents, including without limitation communications regarding a document retention policy or program.

2.     All documents reflecting or referring to the actual or potential use of Lime Wire to share copyrighted materials.

3.     All documents relating to communications between Fred von Lohmann or EFF and the Lime Wire Entities or Gorton relating to the actual or potential tracking or monitoring of downloads by users of Lime Wire or other peer-to-peer file sharing networks.

4.     All documents relating to communications between Fred von Lohmann or EFF and the Lime Wire Entities or Gorton relating to the architecture, design, or structure of Lime Wire or other peer-to-peer file sharing networks.

5.     All documents reflecting or referring to the Lime Wire Entities' or Mark Gorton's state of mind, purpose or motivation for adopting or not adopting particular architectures, designs, structures or features for Lime Wire.

6.     All documents relating to communications between Fred von Lohmann or EFF and the Lime Wire Entities or Gorton relating to infringement-reducing technologies, including without limitation filtering or acoustic-fingerprinting technologies.

7.     All documents reflecting or referring to the Lime Wire Entities' or Mark Gorton's state of mind, purpose or motivation for adopting or not adopting infringement-

reducing technologies, including without limitation filtering or acoustic-fingerprinting technologies.

8.      All documents relating to communications between Fred von Lohmann or EFF and the Lime Wire Entities or Gorton relating to actual or anticipated litigation by copyright holders.