Andrew P. Bridges (SBN: 122761)
abridges@winston.com
Matthew A. Scherb (SBN: 237461)
mscherb@winston.com
Robyn Callahan (SBN: 225472)
rcallahan@winston.com
Kathleen Lu (SBN: 267032)
klu@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5802
Telephone:     (415) 591-1000
Facsimile:      (415) 591-1400

Attorneys for Movants
ELECTRONIC FRONTIER FOUNDATION and
FRED VON LOHMANN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re Subpoenas to Electronic Frontier Foundation and Fred von Lohmann | **Case No. 3:10-mc-80276-JSW**<br>[Related to *Arista Records v. Lime Wire LLC*, No. 06-5936 (KMW) (S.D.N.Y.)]<br><br>**MOVANTS' RESPONSE TO RESPONDENTS' REQUEST TO FILE SUR-REPLY AND SUR-REPLY REGARDING EXPEDITED MOTION TO QUASH SUBPOENAS**<br><br>Date:    no hearing date assigned |

Movants file this Response to Respondents' Request to File Sur-Reply in order to correct Respondents' mischaracterizations to the Court.

First, however, Movants must respond to the following false statement in Respondents' Reply Supplemental Brief: "Contrary to EFF and von Lohmann's suggestion that Judge Wood retracted that conclusion after receiving further information from EFF and von Lohmann . . . ." Respondents' Reply Supp. Brief 3. Judge Wood did expressly retract the conclusion from her May 11, 2010 order to whish Respondents repeatedly refer. Judge Wood specifically stated:

> On May 18, 2010, the Court received a letter from the Electronic Frontier foundation ("EFF") asking the Court to remove from pages 14 and 15 of the Opinion the phrase 'regarding the need to establish a document retention program to purge incriminating information about LimeWire users' activities," *on the ground that any advice given by Mr. von Lohmann was privileged and that the characterization of the advice is incorrect. The Court will file an Amended Opinion excising the language.*"

Boyd Decl. Ex. 3 at 1 (emphasis added). The amending order stated that Judge Wood would address privilege issues as they arose, but Respondents have chosen not to pursue that option, and they have not presented to Judge Wood any further briefs to challenge the attorney-client privilege covering communications between Lime Wire and Mr. von Lohmann.

Movants also respond to Respondents' suggestion that an increase in the scope of the subpoena requests by three years has no impact on Movants' briefs on this motion. Movants plainly recognized the subpoenas' date limitation in their supplemental briefs. *See* Movants' Reply Supp. Brief 4 ("requests are for 'any document which refers to or was created during the period from January 1, 2005 to present'"). Ms. Cohn was not aware of a limitation at the time she wrote her Supplemental Declaration on November 19, 2010, in which she had only one day to respond to the Court's order for supplemental declarations. Respondents' belated attempt to expand the scope of the subpoenas by three years affects several aspects of the briefing already submitted to this Court.

1

MOVANTS' RESPONSE TO RESPONDENTS' REQUEST TO FILE SUR-REPLY AND SUR-REPLY
REGARDING EXPEDITED MOTION TO QUASH SUBPOENAS

As a result of Respondents' representation that Mr. Fisk left Lime Wire in *2004* and the subpoenas' requests for documents from *2005* onward, Movants believed that no documents responsive to Respondents' requests would include relevant communications with Mr. Fisk. Movants cannot recall ever knowing of Mr. Fisk's former employment at Lime Wire and learned of it during the meet-and-confer process. *See* Supp. Boyd Decl. Ex. 6 (letter from Respondents' counsel informing Movants of Mr. Fisk's former employment), at 2. Respondents have presented no reason (nor are Movants aware of any reason) to believe Movants ever communicated with Mr. Fisk in his capacity as a Lime Wire employee. The examples Respondents provide as communications including Mr. Fisk and Mr. von Lohmann all took place in October *2006*. Supp. Boyd Decl. Exs. 2, 4. Any communication between Movants and Mr. Fisk *after* he left Lime Wire is plainly irrelevant to Lime Wire's beliefs and actions.

While Movants did not attempt to segregate emails containing "limewire" by date, Respondents' request to increase the scope of this discovery by three years greatly increases the burdens of review and production on Movants. It is much simpler and faster to check the date of an email than to review the topics contained in the entire email. Furthermore, in estimating the number of communications that might require entry into a privilege log, Movants did not consider communications prior to 2005. Because Respondents informed Movants of this "inadvertent error" only yesterday and Mr. von Lohmann is currently out of the country, Movants have not been able to determine the exact effect this increase in the scope of the subpoenas would have on the burdens on Movants to produce a privilege log. Nevertheless, Movants believe such a change would multiply the burden at least twofold.

This additional increase in burden only underscores the need for Respondents to pay all expenses associated with these subpoenas if the court enforces the subpoenas at all. Contrary to Respondents' accusations, Movants have no financial interest in the outcome of the *Arista Records*

2

*v. Lime Wire* litigation. EFF and Mr. von Lohmann in his capacity as an EFF employee regularly represented litigants on a *pro bono* basis. Movants' interest in the propriety of these subpoenas is their professional legal obligation to maintain their client's privileged confidential attorney-client communications and the confidentiality of their own attorney work product. Movants' interest in providing pro bono representation of Lime Wire is one of the public interest – the just and equitable adjudication of secondary liability principles in copyright law – which is precisely why Movants filed as *Amicus Curaie* in support of neither party. It is also a reason that courts have repeatedly referred potential *pro bono* clients to EFF. *See* Supp. Cohn Decl. ¶ 8.b. Movants are a non-profit legal services organization with only 32 employees and an individual former employee. McSherry Decl. ¶ 2. Respondents are for-profit "major record companies" with "thousands" of employees and far more able to bear this increased burden. Respondents' Opposition to Motion 2; Lu Decl. Ex. A (email from Respondents' counsel), at 1.

For these reasons, the Court should grant Movants' motion to quash as stated in Movants' earlier briefs.

Dated:  December 15, 2010      WINSTON & STRAWN LLP

By:    /s/ Kathleen Lu
       Andrew P. Bridges
       Robyn Callahan
       Matthew A. Scherb
       Kathleen Lu

Attorneys for Movants
ELECTRONIC FRONTIER FOUNDATION and
FRED VON LOHMANN

SF:299006.1

3

MOVANTS' RESPONSE TO RESPONDENTS' REQUEST TO FILE SUR-REPLY AND SUR-REPLY
REGARDING EXPEDITED MOTION TO QUASH SUBPOENAS