# EXHIBIT B



**WINSTON & STRAWN LLP**

101 California Street
San Francisco, CA 94111-5802
T: +1 (415) 591-1000
F: +1 (415) 591-1400
www.winston.com

**ANDREW P. BRIDGES**
+1 (415) 591-1482
abridges@winston.com

June 17, 2011

<u>**VIA FACSIMILE**</u>

The Hon. Kimba M. Wood
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312
Fax: (212) 805-7900

Re:   SDNY: *Arista Records, LLC. V. Lime Wire et al.,* **Case no. 06 CV 5936 (KMW)**

**NDCA:** *in re Subpoenas to Electronic Frontier Foundation and Fred von Lohmann,* **Case no. C 10-80276-MISC JSW**

BEIJING
CHARLOTTE
CHICAGO
GENEVA
HONG KONG
HOUSTON
LONDON
LOS ANGELES
MOSCOW
NEW YORK
NEWARK
PARIS
SAN FRANCISCO
SHANGHAI
WASHINGTON, D.C.

Dear Judge Wood:

I respond on behalf of Electronic Frontier Foundation and Fred von Lohmann to the June 16, 2011, letter to you from Kelly Klaus, counsel for the major record labels in the *LimeWire* litigation. Counsel for the major labels also conducted discovery from my clients, Electronic Frontier Foundation and Fred von Lohmann, pursuant to subpoenas in the Northern District of California and subject to a protective order with cost-shifting provisions that Judge Jeffrey S. White of that court entered. Mr. Klaus's letter to you addresses a recent filing I made before Judge White. For the your benefit, I attach a copy of that filing. I shall also submit a copy of this letter and a copy of Mr. Klaus's letter to Judge White.

At issue is an effort by the major record labels to avoid their obligations to reimburse EFF and Mr. von Lohmann pursuant to Judge White's cost-shifting order. The major record labels press a clever but misguided interpretation of the settlement agreement in the underlying *LimeWire* litigation in order to deprive EFF and Mr. von Lohmann of their rightful reimbursement.

EFF and Mr. von Lohmann believe that counsel for the major record labels may, and should, press their arguments before Judge White in the Northern District of California where the request for fees and expenses is pending. EFF and Mr. von Lohmann do not wish to preview here all of their arguments in rebuttal to the record labels' likely arguments, which will be appropriate for reply papers on the pending request for fees and


**WINSTON & STRAWN LLP**

June 17, 2011
Page 2

expenses after the major record labels respond to the request in that court. At this point I simply summarize some of EFF's and Mr. von Lohmann's points as follows:

(1) The Lime Wire release of the Plaintiffs in the *LimeWire* case does not bind EFF and Mr. von Lohmann. They did not authorize Lime Wire to bind them, they did not participate in the preparation or negotiation of the release, Lime Wire had no inherent or apparent authority to bind them as third-party witnesses, and they were not even aware of the release terms until counsel for the record labels invoked it to avoid the labels' obligations to them under Judge White's order. EFF and Mr. von Lohmann still have not seen a complete copy of the agreement containing the release, and they note that Mr. Klaus did not attach a complete copy to his letter to you. (At the end of the excerpt Mr. Klaus provided, the Settlement Agreement tantalizingly refers to one condition that could cause the settlement agreement to be "null and void in its entirety," so one can only speculate regarding all the provisions, and the effectiveness and scope of the releases.)

(2) The obligations of the major record labels to reimburse EFF and Mr. von Lohmann arose from a court order in a proceeding involving them as third-party witnesses whom the major record labels subpoenaed. The cost-shifting order by Judge White pertained to them as witnesses and not as counsel.

(3) The Release Date in the *LimeWire* settlement agreement has not yet occurred but lies off in the future. Therefore the release on which the major record labels rely has not yet taken effect, so any arguments based on that release are premature.

(4) The release specifically applies to the Lime Wire Released Parties as of the Release Date. Given that Mr. von Lohmann ceased being Lime Wire's attorney in 2010 and that EFF has now formally ceased its attorney-client relationship with Lime Wire, and given that the Release Date has not yet occurred, neither EFF nor Mr. von Lohmann will be Lime Wire Released Parties as of the Release Date.

Of course, EFF and Mr. von Lohmann reserve the right to add facts and arguments when the time comes for their reply memorandum on their request for fees in compliance with Judge White's order.

Yours very truly,

*Andrew P. Bridges*
Andrew P. Bridges
Attorney for ELECTRONIC FRONTIER FOUNDATION
and FRED VON LOHMANN

Enclosure: (1) EFF/von Lohmann filings before Judge White

cc: Kelly Klaus (Counsel for Limewire Plaintiffs)
Tariq Mundiya (Counsel for Limewire Defendants)

SF:312494.1